UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RASHAN D. COLEY              :

    Petitioner              :
                                      CIVIL ACTION NO. 3:14-2328

  v.                           :
                                      (Judge Mannion)

LAWRENCE MUHALLY, et al.,    :
    Respondents

**MEMORANDUM**

Rashan D. Coley, an inmate presently confined at the State Correctional Institution, Dallas, Pennsylvania (SCI-Dallas), filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. 1, petition). He attacks a conviction imposed by the Court of Common Pleas for Lackawanna County, Pennsylvania. Id. For the reasons that follow, the Court will deny the petition.

## I. Background

The following background has been extracted from the Pennsylvania Superior Court's December 16, 2011 Memorandum Opinion affirming the trial court's judgment. (Doc. 14-8, Commonwealth v. Coley, No. 589 MDA 2011, Superior Court Opinion at pp. 1-3).

> On December 15, 2009, following a jury trial, Appellant was found guilty of possession with intent to deliver heroin. The charge arose on June 2, 2008, when Pennsylvania State Trooper T.J. Horan

1

stopped a vehicle in which Appellant was a passenger, and after securing a search warrant for the vehicle, discovered 4,529 bags of heroin.

On March 31, 2010, Appellant was sentenced to seven to fourteen years' incarceration. No post-sentence motions were filed. Appellant's counsel filed a notice of appeal on May 3, 2010. A panel of this Court subsequently quashed the appeal as untimely filed. Commonwealth v. Coley, No. 765 MDA 2010 (Judgment Order) (Pa. Super. filed December 7, 2010).

On February 3, 2011, Appellant filed a *pro se* PCRA petition alleging ineffective assistance of counsel for failing to file a timely direct appeal and requesting reinstatement of his appeal rights *nunc pro tunc*. On February 17, 2011, the PCRA court reinstated Appellant's direct appeal rights. This timely appeal followed. Thereafter the trial court directed Appellant to file a Pa.R.A.P. 1925 (b) statement. Appellant complied and the trial court has filed an opinion in response.

On appeal, Appellant presents the following issues for our consideration:

> 1. Whether the trial court erred in finding that there was reasonable suspicion to effectuate a motor vehicle stop of the vehicle in which Appellant was riding.
>
> 2. Whether the trial court erred in determining that all of the evidence seized subsequent to the motor vehicle stop was seized legally.
>
> 3. Whether the trial court committed an abuse of discretion in failing to grant a mistrial after it acknowledged that prejudice existed as a result of a misstatement by the Commonwealth during closing argument which could not be corrected by a cautionary instruction.

> 4. Whether the trial court committed an error of law, in not suppressing the evidence recovered after the canine sniff since the officer was unable to articulate reasonable grounds for believing that drugs may be present in the vehicle which would warrant a canine sniff search.

Id. On December 16, 2011, the Pennsylvania Superior Court affirmed the Petitioner's conviction. Id.

Petitioner filed a timely allowance of appeal to the Pennsylvania Supreme Court, in which he raised the following issues:

> 1. Whether the Superior Court erred in affirming the suppression court's decision which found reasonable suspicion existed for the traffic stop when the applicable standard for such stops, as recognized in the Superior Court's opinion, is probable cause.
>
> 2. Whether the Superior Court lowered the standard for determining what constitutes probable cause for a violation of the Motor Vehicle Code by referencing facts which amount to reasonable suspicion instead of the applicable probable cause standard.

(Doc. 14-4 at 3). On June 5, 2012, the Pennsylvania Supreme Court denied the petition for allowance. See Commonwealth of Pennsylvania v. Coley, CP-35-CR-001318-2009, Criminal Docket.

On June 29, 2012, Petitioner filed a timely petition under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, et seq. ("PCRA"). (Doc. No. 14-5, PCRA petition). Petitioner raised the following issues of ineffective assistance of trial counsel:

3

> 1. That, at the suppression hearing, counsel failed to challenge the Commonwealth's failure to provide certification for the canine used in the sniff search and for his handler.
>
> 2. That, at the suppression hearing, counsel failed to challenge the Commonwealth's failure to offer evidence to support its allegation that the dashboard camera was inoperable.
>
> 3. That counsel failed to challenge the sufficiency of the evidence where the Commonwealth failed to establish actual or constructive possession.

(Doc. No. 14-5 at 4).

On April 30, 2013, the PCRA Court filed a Memorandum and Notice of Intent to Dismiss Pursuant to Pennsylvania Rule of Criminal Procedure 907. (Doc. 14-9, Memorandum and Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907). The PCRA court denied Petitioner's first two claims because the Superior Court had already upheld the suppression court's ruling. Id. The court denied the third claim on its merits. Id.

On January 2, 2013, Coley filed a notice of appeal to the Pennsylvania Superior Court. (Doc.14-6). He raised the following issues for review:

> 1. Whether the Commonwealth failed to prove beyond a reasonable doubt that Petitioner had actual or constructive possession of a controlled substance.
>
> 2. Whether there was ineffective assistance of counsel for failure to investigate, research, obtain, and present valuable information.

Id.

4

By Memorandum Opinion dated April 30, 2014, the Pennsylvania Superior Court declined to review the first claim because, as a challenge to the sufficiency of the evidence, it is not cognizable in a PCRA petition. (Doc. 14-10, Superior Court Opinion). The second claim was one of the alleged ineffectiveness of counsel and was divided into three subclaims. The first was that trial counsel was ineffective for failing to interview or obtain a statement from the owner of the vehicle. Id. The Court found this claim waived because it was not raised in the PCRA petition. Id. Petitioner's next subclaim was that counsel was ineffective for failing to object to the admission of testimony regarding the canine sniff on the basis that neither the officer nor the police dog had the requisite certifications. As to this claim, the Superior Court found that the claim was factually incorrect as both the officer and the police dog did have proper certifications. Id. Therefore, the underlying claim lacked arguable merit and trial counsel had no basis to object to the admission of the officer's testimony. Id.

Finally, Petitioner claimed that trial counsel was ineffective for failing to request the preclusion of Trooper Horan's testimony regarding the vehicle stop on the basis that the Trooper's MVR dashboard camera was not operational and did not record the traffic stop. As to this claim, the Court found that Trooper Horan's testimony regarding the traffic stop was clearly admissible without the

5

admission of a contemporaneous audio/video recording. Id. The Superior Court found that, therefore, counsel had no reasonable basis to object to the admission of Trooper Horan's testimony based upon the absence of an audio/video recording of the stop. Id. No further appeal was filed.

On December 8, 2014, Coley filed the instant petition for writ of habeas corpus in which he raises the following challenges to his conviction and sentence:

1. Due to trial counsel's deficient performance, Petitioner was denied a full, fair, and adequate adjudication of guilt or innocence at his suppression hearing of whether the vehicle in which he was a passenger violated the Motor Vehicle Code.

2. The Common Pleas Court was unreasonable in its application of law when it affirmed the traffic stop of the vehicle in which the Petitioner was a passenger. Petitioner questions whether the court's action was constitutionally sound.

(Doc. 1, petition).

## II. Standards of Review

A habeas corpus petition pursuant to 28 U.S.C. §2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of

6

a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a); Estelle, 502 U.S. at 67-8 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

### A. Exhaustion

It is well-established that a federal court may not entertain the merits of a petition for writ of habeas corpus unless available state court remedies have been exhausted. 28 U.S.C. §2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).[1] Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must invoke one complete round of the state's established appellate review process. Id. at 845.

The habeas corpus petitioner shoulders the burden of establishing

---

[1] Exhaustion is excused if "there is an absence of available State corrective process[,] or ... circumstances exist that render such process ineffective to protect the rights of the applicant." Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000), quoting 28 U.S.C. §2254(b)(1)(B)(i) and (ii). Hence, "exhaustion is not required if there is inordinate delay in state procedures, id. at 250, or if state officials have obstructed the petitioner's attempts to obtain state remedies." Id. at 163, citing Mayberry v. Petsock, 821 F.2d 179 (3d Cir. 1987).

7

exhaustion of state court remedies. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d. Cir. 1997). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275 (1971). "All claims that a petitioner in state custody attempts to present to a federal court for habeas review must have been fairly presented to each level of the state courts." Lines, 208 F.3d at 159. See also Baldwin v. Reese, 541 U.S. 27 (2004)(holding that "to provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.").

Respondents concede that Petitioner has exhausted state court remedies.

**B. Merits**

Section 2254(d) of Title 28 of the United States Code provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

8

> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Matteo v. Superintendent, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Id.

Further, under 28 U.S.C. §2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. Miller-El v. Cockrell, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in §2254(e)(1) applies to factual issues, whereas the unreasonable application standard of §2254(d)(2) applies to factual decisions) Matteo, 171 F.3d at 888; Thomas v. Varner, 428 F.3d 492, 497-98 (3d Cir. 2005). This presumption of correctness applies to both explicit and implicit findings of

9

fact. Campbell v. Vaughn, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); Porter v. Horn, 276 F. Supp 2d 278, 296 (E.D. Pa. 2003); see also Torres v. Prunty, 223 F.3d 1103, 1107-08 (9th Cir. 2000); cf. Jackson v. Virginia, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." Breighner v. Chesney, 301 F. Supp 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. §2254(d)(2) and (f)[2]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. Porter, 276 F. Supp 2d at 296; see also

---

[2] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. §2254(f).

10

Williams v. Taylor, 529 U.S. 362, 408-09 (2000); Hurtado v. Tucker, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. Porter, 276 F. Supp 2d at 296; see also Williams, 529 U.S. at 408-09.

### 1. **Ineffective Assistance of Counsel**

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the United States Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test. The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 687; accord Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.1994).

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688; accord Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; accord Jermyn, 266 F.3d at 282; Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996). If, under the circumstances,

11

counsel's actions might be considered sound trial strategy, the presumption is not rebutted, Strickland, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions." United States v. Wiener, 127 F. Supp.2d 645, 648 (M.D. Pa. 2001). A decision supported by "reasonable professional judgment does not constitute ineffective assistance of counsel. See Burger v. Kemp, 483 U.S. 776, 794 (1987). It follows that counsel cannot be deemed ineffective for pursuing a meritless claim. Hartey v. Vaughn, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and shows prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; accord Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir.1992) "Without proof of both deficient performance and prejudice to the defense ... it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." Bell v. Cone, 535 U.S. 685, 695 (2002)(internal quotations and citation omitted). In assessing whether the result of the proceeding might have been different, a reviewing court must consider the

12

"totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695; Jermyn, 266 F.3d at 283. However, "a court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d. Cir. 2006). "The object of an ineffective assistance claim is not to grade counsel's performance. If it is easier to dispose of an ineffective assistance claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

When the Pennsylvania state courts reviewed the claims raised by Coley, Strickland's familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims. Under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in substance, identical to the Strickland test. See, e.g., Commonwealth v. Johnson, 565 Pa. 51, 771 A.2d 751, 757 (Pa. 2001). The Third Circuit Court of Appeals has held that Pennsylvania's test for assessing ineffective assistance of counsel claims is not contrary to Strickland. Jacobs v. Horn, 395 F.3d 92, 107 n. 9 (3d Cir. 2005); Werts v. Vaughn, 228 F.3d 178, 204 (3d Cir. 2000). Thus, under §2254(d)(1), the relevant inquiry in addressing an ineffectiveness claim that has been adjudicated on the merits is whether the

13

Pennsylvania state court decision involved an unreasonable application of Strickland. Jacobs, 395 F.3d at 107 n. 9; Werts, 228 F.3d at 204.

Petitioner in this case advances no argument that the Superior Court decision is contrary to existing United States Supreme Court precedent. In this regard, Petitioner does not maintain that the ineffective assistance test applied by the state court is inconsistent with the test established in Strickland and developed in its progeny. Thus, Petitioner's individual assertion of ineffective assistance will be considered against this standard.

Petitioner claims that due to trial counsel's deficient performance, Petitioner was denied a full, fair, and adequate adjudication of guilt or innocence at his suppression hearing of whether the vehicle in which he was a passenger violated the Motor Vehicle Code.

In addressing this issue on appeal, the Pennsylvania Superior Court found as follows:

> Finally, Coley argues that trial counsel was ineffective because he failed to request that the trial court preclude Trooper Horan's testimony regarding the traffic stop of the vehicle on the basis that Trooper Horan's MVR dashboard camera was not operational and did not record the traffic stop. Brief for Appellant at 23-24. According to Coley, "[t]he lack of audio & video evidence to transcribe the events as they took place[] left [Coley] at a significant disadvantage in his defense." Id. at 23 (parentheses omitted); see also id. at 24 (alleging that "Trooper [Horan] inadvertently violated [Coley's] rights

> to due process [] and a fair trial." (capitalization omitted)).
>
> Although the MVR dashboard camera did not record the traffic stop, Trooper Horan's testimony regarding the stop was clearly admissible even without the admission fo a contemporaneous audio/video recording of the stop. Accordingly, Coley's ineffectiveness claim fails because trial counsel had no reasonable basis to object to the admission of Trooper Horan's testimony regarding the traffic stop based upon the absence of an audio/video recording of the stop.

(Doc. 14-10 at 6-7).

The Superior Court's decision does not reflect an unreasonable application of the Strickland test, nor is it an unreasonable application of the facts in light of the evidence presented in state court.

Trooper Horan testified at the suppression hearing that he had observed a black Chevrolet Cobalt traveling north on Route 81 which drove over the white fog line on the right side of the road and almost hit a construction barrier. (Doc. 14-1, N.T., 10/6/09 Suppression Hearing, p. 17). He then observed the vehicle shoot across the left side of the road on the fog line and drive onto the berm almost onto the median. Id. at 17-18. Trooper Horan was concerned that the vehicle was going to crash. Id. at 32. Once the vehicle cleared the construction area, Trooper Horan initiated a traffic stop. Id. at 18.

Trooper Horan testified that as he approached the rear of the vehicle, there were numerous air fresheners lined along the back of the car. Id. at 19. When

Trooper Horan approached the passenger side of the vehicle, he observed two male occupants. Id. He also observed several more air fresheners across the dashboard and on the floor of the front of the vehicle. Id. at 19-20. Trooper Horan advised Harper – the driver – that he was pulling him over because he was "driving all over the place" to which Harper responded that he was falling asleep. Id. at 20.

As found by the Superior Court, counsel did not err in failing to object to Trooper Horan's testimony, which was admissible despite the fact that there was no audio or video evidence of the stop. The Court knows of no requirement that testimony regarding a traffic stop must be accompanied by such evidence. Accordingly, Coley cannot show either prong of Strickland as Coley's trial counsel was not ineffective for failing to object to Trooper Horan's testimony, as there was simply no strategic basis to do so, and Coley suffered no prejudice. Therefore, Coley's claim is without merit.

### 2. Trial Court Error

Petitioner next claims that the Common Pleas Court was unreasonable in its application of law when it affirmed the traffic stop of the vehicle in which the Petitioner was a passenger. Petitioner questions whether the court's action was constitutionally sound. Specifically, he challenges the trial court's denial of his

16

motion to suppress the traffic stop and all evidence resulting therefrom, arguing that Trooper Horan lacked sufficient facts to support a reasonable suspicion that a motor vehicle violation had been committed.

To the extent that Coley argues that there was no probable cause for his arrest, such a claim must be dismissed. An illegal arrest provides no basis for collateral attack on judgment obtained after notice and fair trial. Shack v. Attorney General of State of Pennsylvania, 776 F.2d 1170, 1172 (3d Cir. 1985) (citing U.S. v. Crews, 445 U.S. 463, 474 (1980)). "[W]hen one ... is convicted of a crime after notice and a fair trial, defects in the pretrial proceedings are not ordinarily considered sufficiently 'fundamental' to justify collateral attack." Id. In addition, any Fourth Amendment claim Coley may be attempting to assert must be denied. When a duly convicted state prisoner has had a full and fair opportunity to litigate a Fourth Amendment claim, the refusal of the state courts to grant relief cannot provide a basis for federal habeas review. Stone v. Powell, 428 U.S. 465 (1976); see also Cardwell v. Taylor, 461 U.S. 571 (1983) (per curiam) (consideration of a claim that evidence admitted at trial was the fruit of an illegal arrest could not be considered on a habeas corpus petition as long as the state courts had afforded a full and fair opportunity to litigate that claim). The Third Circuit has held a "full and fair opportunity" means there must have been

17

procedures by which a defendant could have litigated a Fourth Amendment claim. See Hubbard v. Jeffes, 653 F.2d 99, 103 (3d Cir. 1981); Boyd v. Mintz, 631 F.2d 247, 250 (3d Cir. 1980).

The Petitioner was afforded a full and fair opportunity to litigate his claim in the Pennsylvania state courts. The legality of the search was challenged by the Petitioner at the Pretrial Hearing. (See Doc. 14-1, Pretrial Hearing Transcript). Coley then raised the issue on appeal to the Superior Court of Pennsylvania, (See Doc. 14-8, Superior Court Opinion), and finally, on appeal to the Pennsylvania Supreme Court. (See Doc. 14-4, Petition for Allowance of Appeal). Thus, it is readily apparent that Coley has had a full opportunity to have this claim reviewed, and as a result, federal review of this claim is foreclosed.

### III. **Certificate of Appealability**

Pursuant to 28 U.S.C. §2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. §2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional

18

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue. A separate Order will be issued.

**IV.    <u>Conclusion</u>**

In light of the foregoing, the petition for writ of habeas corpus will be **DENIED**. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:   April 9, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-2328-01.wpd

19